**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| TONY R. BROWN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00224-SRW |
| | ) |
| GREGORY N. SMITH | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Tony R. Brown, Sr.'s application to proceed in the district court without prepayment of fees and costs. The Court will grant the application and assess an initial partial filing fee of $1.00. Furthermore, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

### Application to Proceed Without Prepaying Fees and Costs

Plaintiff is incarcerated at the Southeast Correctional Center in Charleston, Missouri. He seeks leave to pursue this action without prepaying fees or costs. Generally, federal courts must collect a filing fee from a party instituting any civil action. However, courts may waive this fee for individuals who demonstrate an inability to pay. *See* 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis (IFP).

Under the Prison Litigation Reform Act (PLRA), in addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20 percent

of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). After this initial payment the prisoner must make monthly payments equal to 20 percent of their income until the fee is paid in full. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).

Plaintiff has not filed a copy of his prison account statement. Based on the financial information supplied in his application, however, the Court finds plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed IFP if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. §1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## The Complaint

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against his state court criminal defense attorney. For his statement of his claim, he states in full: "Su[ing] my attorney for doing me wrong for $250,000.00." ECF No. 1 at 4. For relief, he states the alleged $250,000.00 in damages is "because my attorney didn't do his job right in the courts that is one of the re[asons] I am in prison for something I didn't do that is why I am suing him." *Id.* at 5.

## Discussion

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992). Because plaintiff's criminal defense attorney did not act under color of state law and cannot be liable under § 1983, the Court will dismiss plaintiff's action for failure to state a claim upon which relief may be granted.

Additionally, plaintiff's conclusory statement that his attorney "didn't do his job right" is not enough to state a plausible constitutional claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiff's complaint does not contain any factual content that would allow the Court to "draw the reasonable inference" that defendant is liable for any alleged constitutional violations. *See id.*

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 27th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE